UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                          Plaintiff,<br>v.<br>WILLIAM C. FUESS,<br><br>                         Defendant. | Case No.: 15cv1148-BEN (RBB)<br><br>**ORDER AWARDING COSTS AND ATTORNEY'S FEES [ECF NOS. 15, 20]** |

On July 12, 2016, Plaintiff the United States filed a "Declaration of Nithya Senra Regarding Costs of Bringing the United States' Motion for Sanctions" (the "Declaration") with a declaration of Mahana K. Weilder and an exhibit [ECF No. 21]. No response to the Declaration was filed. For the reasons discussed below, sanctions are assessed against Fuess in the amount of $2,483.30.

## I. BACKGROUND

The United States commenced this litigation against Defendant William C. Fuess on May 21, 2015. (Compl. 6, ECF No. 1).[1] Plaintiff initiated this action "to reduce

---

[1] The Court will cite to documents as paginated on the electronic case filing system.

federal income tax, penalty, and interest assessments, along with other accruals that have not yet been formally assessed, against Defendant William C. Fuess to judgment." (Id. at 2.)  The United States contends that Fuess failed to pay $286,574.24 in taxes from the years 2001, 2002, 2003, 2004, 2005, 2006, 2008, 2009, 2011, and 2012.  (Id. at 3-5.) Plaintiff asks for a judgment in this amount, and it additionally seeks "accrued but unassessed interest and other statutory additions, along with statutory interest and other additions accruing after April 30, 2015, less any applicable credits and payments," as well as its costs.  (Id. at 6.)

On May 25, 2016, the United States filed a Motion for Discovery Sanctions [ECF No. 15].  There, among other requests, Plaintiff sought an order "awarding the United [States] reasonable expenses, including attorney's fees, for bringing this motion for discovery sanctions." (Mot. Disc. Sanctions 2, ECF No. 15.)  After a hearing on the motion, the Court issued an order granting Plaintiff's request for sanctions under Rule 37(d)(3).  (Mins. 1, July 5, 2016, ECF No. 20.)  The Court set a deadline of July 15, 2016, for the United States to "file a declaration regarding its expenses and attorney's fees incurred in bringing those portions of the Motion for Discovery Sanctions that relate to Defendant's failure to respond to its interrogatories and requests for production." (Id.) Fuess was given the deadline of July 22, 2016, to respond to Plaintiff's declaration.  (Id.) The United States filed the Declaration on July 12, 2016 [ECF No. 21], but Defendant did not file a response.

## II.  LEGAL STANDARD

Under Rule 37(d)(3), where a party fails to respond to interrogatories or requests for production, "the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure . . . ." Fed. R. Civ. P. 37(d)(3).  "By the very nature of its language, sanctions imposed under Rule 37 must be left to the sound discretion of the trial judge." O'Connell v. Fernandez–Pol, 542 F. App'x 546, 547-48 (9th Cir. 2013) (unpublished memorandum disposition) (citing Craig v. Far West Eng'g Co., 265 F.2d 251, 260 (9th Cir. 1959)).

1  "Overall, sanctions imposed under Rule 37 should deter the Defendant's conduct, and
2  remedy any prejudice it caused the Plaintiff." S. Cal. Stroke Rehab. Assocs. v. Nautilus,
3  Civil No. 09–CV–744 JLS (AJB), 2010 WL 2998839, at *2 (S.D. Cal. July 29, 2010)
4  (citing Pioneer Drive, LLC. v. Nissan Diesel America, Inc., 262 F.R.D. 552, 560 (D.
5  Mont. 2009)).

## III.  DISCUSSION

In her Declaration, Nithya Senra, counsel for the United States, indicates that the total cost of bringing those portions of the Motion for Discovery Sanctions that relate to Fuess's failure to respond to the interrogatories and requests for production is $2,483.30. (Decl. Senra Regarding Costs 5, ECF No. 21.)  This number is the total of $651.03 in costs, and nine and a half hours of attorney's fees, billable at $192.87 per hour.  (Id.)  The Court addresses these expenses separately.

**A.   Costs**

Only Senra's co-counsel, Mahana K. Weidler, claims costs arising from bringing those portions of the Motion for Discovery Sanctions that relate to the failure of Defendant to respond to the interrogatories and requests for production.  Weidler indicates that the $651.03 in costs is the sum of (1) airfare from Washington, D.C. to San Diego, California, totaling $205.10; (2) one half of her airfare from Denver, Colorado to Washington, D.C. following unrelated business on her return trip, totaling $103.55; (3) a taxicab from her residence to Reagan National Airport, totaling $36.38; and (4) $306.00 for a hotel in San Diego for two nights.  (Id. Attach. #1 Decl. Weidler 4.)  Attached to her declaration are receipts for these expenses.  (Id. Ex. 1, at 7-12.)  These receipts reflect the amounts claimed by the United States.  Moreover, the costs represent reasonable expenses incurred in bringing those portions of the Motion for Discovery Sanctions relating to Fuess's failure to respond to the interrogatories and requests for production. Plaintiff is awarded $651.03 in costs.

//
//

B.      **Attorney's Fees**

Senra and Weidler collectively spent nine and a half hours preparing those portions of the Motion for Discovery Sanctions that relate to Defendant's failure to respond to the interrogatories and requests for production. (Decl. Senra Regarding Costs 5.) Senra attributes four hours of her time to drafting the Motion for Discovery Sanctions and two hours to her efforts to meet-and-confer with Fuess regarding his failure to respond to this discovery, totaling six hours. (Id. at 2-3.) Weidler indicates that three and a half hours of her time spent preparing for and appearing at the hearing on the Motion for Discovery Sanctions are attributable to Fuess's failure to respond to the interrogatories and requests for production. (Id. Attach. #1 Decl. Weidler 2.) According to the United States, the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, set the hourly rate at $125 as of March 29, 1996, and the inflation-adjusted rate is $192.87. (Id. at 3-4.)

"EAJA provides that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee." Nadarajah v. Holder, 569 F.3d 906, 911 (9th Cir. 2009) (citing 28 U.S.C. § 2412(d)(2)(A)). "District courts have been determining the cost-of-living adjustment by multiplying the basic EAJA rate by the current consumer price index for urban consumers (CPI–U), and then dividing the product by the CPI–U in the month that the cap was imposed . . . ." Sorenson v. Mink, 239 F.3d 1140, 1148 (9th Cir. 2001) (citing Ramon–Sepulveda v. INS, 863 F.2d 1458, 1463 (9th Cir. 1988)). Courts are to use the consumer price index for urban consumers at the time the work was conducted. See id. ("Enhancing the EAJA's base rate by the CPI–U that is current in the year when the fee is earned compensates for increases in the cost of living between the time that the EAJA was enacted and the time that the fee was earned.").

Senra asserts that the consumer price index for urban consumers was 240.236 in May of 2016, when the work on the Motion for Discovery Sanctions was conducted. (Decl. Senra Regarding Costs 5, ECF No. 21.) She further indicates that the consumer price index for urban consumers in March of 1996 was 155.7. (Id.) After reviewing the

relevant data from the Bureau of Labor Statistics, the Court finds that these numbers are accurate.  See CPI Detailed Report:  Data for May 2016, Bureau of Labor Statistics 4, 70 (Malik Crawford, Jonathan Church & Bradley Akin eds., 2016), http://www.bls.gov/cpi/#tables (select "CPI Detailed Report (complete text and tables) May 2016").  Further, Senra's calculation of the enhanced EAJA base rate as $192.87 is accurate and consistent with the Ninth Circuit's ruling in Sorenson.  The rate for nine and a half hours of attorney time totals $1832.27, which is the amount that Plaintiff seeks in attorney's fees.  The Court finds that this is a reasonable award of attorney's fees for the amount of time spent on those portions of the Motion for Discovery Sanctions relating to Defendant's failure to respond to the interrogatories and requests for production.  See Fed. R. Civ. P. 37(d)(3).  As a result, the United States is awarded $1832.27 in attorney's fees.

## IV.  CONCLUSION

In sum, Plaintiff is awarded $651.03 in costs and $1832.27 in attorney's fees, totaling $2,483.30.  Defendant shall pay this amount to the United States within thirty days of the filing of this order.

IT IS SO ORDERED.

DATED:  September 13, 2016

Hon. Ruben B. Brooks
United States Magistrate Judge

cc: Judge Benitez
All Parties of Record