UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                        Plaintiff,<br><br>v.<br><br>WILLIAM C. FUESS,<br><br>                                        Defendant. | Case No.:  15cv1148-BEN (RBB)<br><br>**ORDER AWARDING COSTS AND ATTORNEY'S FEES [ECF NOS. 23, 27]** |

On September 21, 2016, Plaintiff the United States filed a "Declaration of Nithya Senra Regarding Costs of Bringing the United States' Motion for Sanctions" (the "Declaration") with an exhibit [ECF No. 29].  No response to the Declaration was filed. For the reasons discussed below, sanctions are assessed against Fuess in the amount of $1,909.46.

**I.  BACKGROUND**

The United States commenced this litigation against Defendant William C. Fuess on May 21, 2015.  (Compl. 6, ECF No. 1).[1]  Plaintiff initiated this action "to reduce

---

[1] The Court will cite to documents as paginated on the electronic case filing system.

federal income tax, penalty, and interest assessments, along with other accruals that have not yet been formally assessed, against Defendant William C. Fuess to judgment." (Id. at 2.) The United States contends that Fuess failed to pay $286,574.24 in taxes from the years 2001, 2002, 2003, 2004, 2005, 2006, 2008, 2009, 2011, and 2012. (Id. at 3-5.) Plaintiff asks for a judgment in this amount, and it additionally seeks "accrued but unassessed interest and other statutory additions, along with statutory interest and other additions accruing after April 30, 2015, less any applicable credits and payments," as well as its costs. (Id. at 6.)

On May 25, 2016, the United States filed a Motion for Discovery Sanctions [ECF No. 15]. After a hearing, the Court issued an order granting in part and denying in part this motion. (Mins. 1, July 5, 2016, ECF No. 20.) The Court set a deadline of July 26, 2016, for Plaintiff to file a motion to compel or a motion for sanctions in connection with Defendant's responses to interrogatories and requests for production. (Id.) On July 26, 2016, the United States filed a Motion to Compel Discovery and Motion for Discovery Sanctions [ECF No. 23]. There, among other requests, Plaintiff asked for its "reasonable expenses, including attorney's fees, associated with bringing this motion to compel discovery and motion for discovery sanctions." (Mot. Compel Disc. & Mot. Disc. Sanctions Attach. #1 Mem. P. & A. 10, ECF No. 23.) Following a hearing, the Court issued an order granting the United States' request for sanctions under Rule 37. (Mins. 1, Sept. 7, 2016, ECF No. 27.) The Court set a deadline of September 21, 2016, for Plaintiff's counsel "to submit her declaration regarding expenses and attorney's fees." (Id.) Fuess was given the deadline of October 5, 2016, to respond to Plaintiff's declaration. (Id.) The United States filed the Declaration on September 21, 2016 [ECF No. 29], but Defendant did not file a response.

## II. LEGAL STANDARD

"By the very nature of its language, sanctions imposed under Rule 37 must be left to the sound discretion of the trial judge." O'Connell v. Fernandez–Pol, 542 F. App'x 546, 547-48 (9th Cir. 2013) (unpublished memorandum disposition) (citing Craig v. Far

1  West Eng'g Co., 265 F.2d 251, 260 (9th Cir. 1959)).  "Overall, sanctions imposed under
2  Rule 37 should deter the Defendant's conduct, and remedy any prejudice it caused the
3  Plaintiff."  S. Cal. Stroke Rehab. Assocs. v. Nautilus, Civil No. 09–CV–744 JLS (AJB),
4  2010 WL 2998839, at *2 (S.D. Cal. July 29, 2010) (citing Pioneer Drive, LLC. v. Nissan
5  Diesel America, Inc., 262 F.R.D. 552, 560 (D. Mont. 2009)).

## III.  DISCUSSION

7   In her Declaration, Nithya Senra, counsel for the United States, indicates that the
8  total cost of bringing the Motion to Compel Discovery and Motion for Discovery
9  Sanctions is $1,909.46.  (Decl. Senra Regarding Costs 4, ECF No. 29.)  This number is
10 the total of $653.66 in costs, and six and a half hours of attorney's fees, billable at
11 $193.20 per hour.  (Id.)  The Court addresses these expenses separately.

12 **A.   Costs**

13  Senra indicates that the $653.66 in costs is the sum of "airfare, hotel, taxi, meals
14 and incidental per diem reimbursement" associated with her travel to the hearing on the
15 Motion to Compel Discovery and Motion for Discovery Sanctions.  (Id.)  Attached to her
16 Declaration is a travel voucher summary of expenses paid by the United States in
17 connection with her travel.  (Id. Attach. #1 Ex. A, at 2-4.)  This voucher summary reflects
18 the amount claimed by Plaintiff.  Moreover, the costs represent reasonable expenses
19 incurred in bringing the Motion to Compel Discovery and Motion for Discovery
20 Sanctions.  The United States is awarded $653.66 in costs.

21 **B.   Attorney's Fees**

22  Senra spent six and a half hours bringing the Motion to Compel Discovery and
23 Motion for Discovery Sanctions. (Decl. Senra Regarding Costs 4, ECF No. 29.)  She
24 attributes five hours of her time to drafting the motion, half an hour to attempting to meet
25 and confer with Fuess, and one hour to preparing for and attending the hearing on the
26 motion.  (Id. at 2-3.)  According to Plaintiff, the Equal Access to Justice Act ("EAJA"),
27 28 U.S.C. § 2412, set the hourly rate at $125 as of March 29, 1996, and the inflation-
28 adjusted rate is $193.20.  (Id. at 3-4.)

"EAJA provides that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee." Nadarajah v. Holder, 569 F.3d 906, 911 (9th Cir. 2009) (citing 28 U.S.C. § 2412(d)(2)(A)). "District courts have been determining the cost-of-living adjustment by multiplying the basic EAJA rate by the current consumer price index for urban consumers (CPI–U), and then dividing the product by the CPI–U in the month that the cap was imposed . . . ." Sorenson v. Mink, 239 F.3d 1140, 1148 (9th Cir. 2001) (citing Ramon–Sepulveda v. INS, 863 F.2d 1458, 1463 (9th Cir. 1988)). Courts are to use the consumer price index for urban consumers at the time the work was conducted. See id. ("Enhancing the EAJA's base rate by the CPI–U that is current in the year when the fee is earned compensates for increases in the cost of living between the time that the EAJA was enacted and the time that the fee was earned.").

Senra asserts that the consumer price index for urban consumers was 240.647 in July 2016, when the work on the Motion to Compel Discovery and Motion for Discovery Sanctions was conducted. (Decl. Senra Regarding Costs 3, ECF No. 29.) She further indicates that the consumer price index for urban consumers in March of 1996 was 155.7. (Id.) After reviewing the relevant data from the Bureau of Labor Statistics, the Court finds that these numbers are accurate. See CPI Detailed Report: Data for July 2016, Bureau of Labor Statistics 4, 70 (Malik Crawford, Jonathan Church & Bradley Akin eds., 2016), http://www.bls.gov/cpi/#tables (select "CPI Detailed Report (complete text and tables) July 2016"). Further, Senra's calculation of the enhanced EAJA base rate as $193.20 is accurate and consistent with the Ninth Circuit's ruling in Sorenson. The rate for six and a half hours of attorney time totals $1,255.80, which is the amount that Plaintiff seeks in attorney's fees. The Court finds that this is a reasonable award of attorney's fees for the amount of time spent bringing the Motion to Compel Discovery and Motion for Discovery Sanctions. As a result, the United States is awarded $1,255.80 in attorney's fees.

//

## IV.  CONCLUSION

In sum, Plaintiff is awarded $653.66 in costs and $1,255.80 in attorney's fees, totaling $1909.46.  Defendant shall pay this amount to the United States within thirty days of the filing of this order.

IT IS SO ORDERED.

DATED:  October 18, 2016

*[signature]*
Hon. Ruben B. Brooks
United States Magistrate Judge

cc:   Judge Benitez
      All Parties of Record