UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                           Plaintiff,<br>v.<br>WILLIAM C. FEUSS,<br>                           Defendant. | Case No.: 3:15-cv-01148-BEN-RBB<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION**<br><br>[Docket Nos. 27] |

      The United States commenced this litigation against Defendant William C. Feuss on May 21, 2015. (Docket No. 1.) On May 25, 2016, the United States filed a Motion for Discovery Sanctions, seeking an order (1) deeming all of the United States' requests for admissions admitted by Defendant; (2) prohibiting Defendant from introducing into evidence any information requested by the United States in discovery, but not disclosed as of the date the motion was filed; and (3) awarding the United States reasonable expenses, including attorney's fees, for bringing this motion for discovery sanctions. (Docket No. 15.)

      On July 5, 2016, Magistrate Judge Ruben B. Brooks heard the United States' motion and issued an order granting its request for reasonable expenses and attorney's fees, but denying the other forms of relief requested. (Docket No. 20.) In Judge Brooks' minute order, Defendant was given until July 4, 2016, to respond but not to object to the

United States' requests for admissions, interrogatories, and requests for production. (*Id.*) The United States was given until July 26, 2016, to file a motion to compel or a motion for sanctions in connection with Defendant's pending responses to the interrogatories and the requests for production. (*Id.*)

On July 26, 2016, the United States filed a second motion for discovery sanctions against Defendant, seeking an order:

> (1) precluding Defendant from presenting documentary evidence to support his contention that he is entitled to various deductions and that certain income items included in the tax assessments described in paragraph six (6) of the United States' Complaint are in any way incorrect pursuant to Fed. R. Civ. P. 37(b)(2)(A)(ii);
> (2) compelling Defendant to provide specific and complete answers, signed under oath, to all of the United States' interrogatories pursuant to Fed. R. Civ. P. 37(a)(3)(B)(iii);
> (3) providing for any other sanction the Court deems appropriate given Defendant's conduct; and
> (4) awarding the United State reasonable expenses, including attorney's fees, associated with bringing the motions to compel discovery and discovery sanctions.

(Docket No. 23.) Defendant did not oppose the United States' second motion for discovery sanctions. (Docket Nos. 24-25.)

On September 7, 2016, Judge Brooks heard the United States' second motion for discovery sanctions. (Docket No. 27.) In Judge Brooks' minute order, the United States' motion was granted as to its requests for reasonable expenses, including attorney's fees, and its request that Defendant be compelled to serve complete answers to interrogatories 2-6 and 10 by September 21, 2016. (*Id.*) Judge Brooks denied the United States' requests to compel Defendant's responses to interrogatories 1, 7-9, and 11-12 and for Defendant to be precluded from producing business records in lieu of answering its interrogatories under Rule 33(d). (*Id.*)

Judge Brooks further issued a Report and Recommendation that this Court grant the United States' request for evidence preclusion sanctions, pursuant to the provisions of

28 U.S.C. § 636(b)(1), and issue an order that Defendant is precluded from presenting documentary evidence (1) showing his entitlement to deductions or (2) rebutting the accuracy of Plaintiff's tax assessments when opposing a motion for summary judgment or at trial. (*Id.*)

Any objections to the Report and Recommendation were due September 27, 2016. Neither party has filed any objections. For the reasons that follow, the Report and Recommendation is **ADOPTED.**

A district judge "may accept, reject, or modify the recommended disposition" of a magistrate judge on a dispositive matter. Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). "[T]he district judge must determine de novo any part of the [report and recommendation] that has been properly objected to." Fed. R. Civ. P. 72(b)(3). However, "[t]he statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made,* but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); *see also Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005). "Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct." *Reyna-Tapia*, 328 F.3d at 1121.

The Court has considered and agrees with the Report and Recommendation. The Court **ADOPTS** the Report and Recommendation. Plaintiff's Motion for evidence preclusion sanctions is **GRANTED** pursuant to the provisions of 28 U.S.C. § 636(b)(1); Defendant is hereby precluded from presenting documentary evidence: (1) showing his entitlement to deductions or (2) rebutting the accuracy of Plaintiff's tax assessments when opposing a motion for summary judgment or at trial.

**IT IS SO ORDERED.**

Dated: October 22, 2016

HON. ROGER T. BENITEZ
United States District Court Judge