FILED
17 APR 12 AM 8:42
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM C. FUESS,<br><br>Defendant. | Case No.: 3:15-cv-01148-BEN-RBB<br><br>**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT** |

Before the Court is a Motion for Summary Judgment, filed by Plaintiff United States of America (hereinafter "the government"). (Docket No. 32.) Defendant William C. Feuss did not file an opposition. The Court finds the Motion suitable for determination on the papers without oral argument, pursuant to Civil Local Rule 7.1.d.1. For the reasons set for below, the Motion is **GRANTED**.

## FACTUAL BACKGROUND[1]

Defendant did not file a federal tax return for the tax years 2001 to 2016. (SUF ¶ 1.) The Internal Revenue Service ("IRS") conducted audit examinations for each of the

---

[1] The government filed a Statement of Undisputed Facts ("SUF"). (Docket. No. 32-2.) Defendant did not. Therefore, the Court deems the government's facts undisputed.

1

3:15-cv-01148-BEN-RBB

tax years 2001, 2002, 2003, 2004, 2005, 2006, 2008, 2009, 2011, and 2012. (SUF ¶ 2.) To determine and assess the correct federal income tax liabilities for these years, the IRS obtained information reported by third parties on various IRS forms, including Forms 1098 (mortgage interest) and 1099 (non-employee compensation). (SUF ¶ 3.) An authorized delegate of the Secretary of the Treasury made timely assessments against Defendant for the years 2001, 2002, 2003, 2004, 2005, 2006, 2008, 2009, 2011, and 2012. (SUF ¶ 6.) The government issued timely notice and demand for payments for these assessments to Defendant, but Defendant neglected, failed, or refused to fully pay the assessments for the aforementioned years, which remain due and owing with an unpaid balance of $304,834.13, plus statutory interest and other additions accruing from December 9, 2016. (SUF ¶ 7.)

## PROCEDURAL HISTORY

The government filed its Complaint on May 21, 2015. (Docket No. 1.) It seeks "to reduce federal income tax, penalty, and interest assessments, along with other accruals that have not yet been formally assessed against [Defendant] to judgment." (Compl. ¶ 1.) Defendant filed his Answer on August 31, 2015. (Docket No. 5.) On May 25, 2016 and July 26, 2016, the government filed two separate motions for discovery sanctions, which were both granted in part by Magistrate Judge Ruben B. Brooks. (Docket Nos. 15, 20, 23, 27.) Concurrently with the minute order granting in part the government's second motion for discovery sanctions, Judge Brooks issued a Report and Recommendation, recommending that this Court grant the government's request for evidence preclusion sanctions, pursuant to the provisions of 28 U.S.C. § 636(b)(1). (Docket No. 27.) On October 28, 2016, this Court adopted Judge Brooks' Report and Recommendation, and issued an order which precluded Defendant from presenting documentary evidence (1) showing his entitlement to deductions or (2) rebutting the accuracy of the government's tax assessments when opposing a motion for summary judgment or at trial. (Docket No. 31.)

# LEGAL STANDARD

A motion for summary judgment must be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. Proc. 56(a). "A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion" and identifying the portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party can do so by negating an essential element of the non-moving party's case, or by showing that the non-moving party failed to make a showing sufficient to establish an element essential to that party's case, and on which the party will bear the burden of proof at trial. *Id.* at 331. The burden then shifts to the non-moving party to show that there is a genuine issue for trial. *Horphag Research Ltd. v. Garcia*, 475 F.3d 1029, 1035 (9th Cir. 2007).

In evaluating the evidence to support or oppose a motion for summary judgment, the court does not assume the jury functions of determining credibility, weighing of evidence, or drawing legitimate inferences from the facts. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970)). Rather, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Ibid.* However, the inferences that may be drawn are not limitless. *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 632 (9th Cir. 1987). Inferences must be based on specific facts and only "'rational' and 'reasonable'" inferences may be drawn. *Id.*; *United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1542 (9th Cir. 1989). Additionally, conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment. *See Nelson v. Pima Community College*, 83 F.3d 1075,

1081–82 (9th Cir. 1996) ("mere allegation and speculation do not create a factual dispute for purposes of summary judgment").

Regardless of whether the non-movant responded to a moving party's summary judgment motion, a court may not grant summary judgment unless the moving party has affirmatively shown "there is no genuine issue as to any material fact and that [it] is entitled to a judgment as a matter of law." *Martinez v. Stanford*, 323 F.3d 1178, 1182-83 (9th Cir. 2003) (internal citation omitted).

## DISCUSSION

The government bears the burden of proof in an action to collect taxes. *United States v. Stonehill,* 702 F.2d 1288, 1293 (9th Cir. 1983). It can usually carry this burden by introducing its assessment of taxes due, after which "a presumption of correctness attaches to the assessment, and its introduction establishes a prima facie case." *Id.* A Certificate of Assessments and Payments is presumed to be correct evidence of a taxpayer's liability, "and is the proper means of establishing that assessments were properly made and that notices and demand for payment were sent." *United States v. Secapure*, No. C 07-1050 TEH, 2008 WL 820719, at *2 (N.D. Cal. Mar. 26, 2008) (citing *Koff v. United States,* 3 F.3d 1297, 1298 (9th Cir. 1993); *Stonehill,* 702 F.2d at 1293); *see also United States v. Boyce*, 38 F. Supp. 3d 1135, 1152 (C.D. Cal. 2014) (quoting *United States v. Vacante,* 717 F. Supp. 2d 992, 1004 (E.D. Cal. 2010) ("Certificates of Assessments and Payments ('Form 4340s') are highly probative and in the absence of contrary evidence, are sufficient to establish a tax assessment was properly made and notice and demand for payment were sent.")).

The presumption does not arise unless it is supported by a "minimal evidentiary foundation." *Oliver v. United States*, 921 F.2d 916, 920 (9th Cir. 1990) (*citing Stonehill* at 1293). A factual foundation for the assessment is laid by the government's introduction of "some substantive evidence" that demonstrates that the taxpayer received

4

unreported income. *Stonehill* at 1293 (quoting *Edwards v. Commissioner,* 680 F.2d 1268, 1270 (9th Cir. 1982)).

If the government introduces the presumptively correct assessment, the burden of proof shifts to the taxpayer to prove that the assessment is "arbitrary or erroneous." *Stonehill,* 702 F.2d at 1294 (citing *Helvering v. Taylor,* 293 U.S. 507, 515 (1935); *Cohen v. Commissioner,* 266 F.2d 5, 11 (9th Cir. 1959)). If the defendant successfully rebuts the presumption of correctness, the burden shift back to the government to "establish the correctness of the assessment by sufficient and competent evidence." *Secapure, supra,* 2008 WL 820719, at *2 (quoting *United States v. Molitor,* 337 F.2d 917, 923 (9th Cir. 1964)). However, "[i]f the taxpayer fails to rebut the presumption, the government is entitled to judgment as a matter of law." *Vacante,* 717 F. Supp. 2d at 1004 (citing *Hansen v. United States,* 7 F.3d 137, 138 (9th Cir. 1993) (affirming trial court's grant of the government's motion for summary judgment after defendant taxpayers failed to present sufficient evidence to rebut presumption of correctness).

The Court finds the government has established that its assessments are entitled to a presumption of correctness. First, the government provided Defendant's responses to its requests for admissions, in which he admits he did not file a federal income tax return for tax years 2001-2016, but received some income in each of the years at issue. (Exhs. 21-22; Declaration of Nithya Senra in Support of Motion for Summary Judgment (hereinafter "Senra Decl.") ¶¶ 2-3.). Second, the government introduced copies of the Form 4340, Certificate of Assessments, Payments, and Other Specified Matters ("Certificate of Assessments") for the tax years 2001, 2002, 2003, 2004, 2005, 2006, 2008, 2009, 2011, and 2012. (Exhs. A-J; Declaration of Julie A. Piazza in Support of Motion for Summary Judgment (hereinafter "Piazza Decl.") ¶¶ 6-7.) Each of the Certificates of Assessments were generated under seal and signed by an authorized delegate of the Secretary of the Treasury. *Ibid.*

Third, the government introduced copies of the Notice of Deficiency for the same years that it purportedly mailed to Defendant prior to assessment. (Exhs. 1-10; Piazza Decl. ¶¶ 4-5.) The Notices of Deficiency included summaries of IRS work papers, forms, worksheets, and Information Return Program ("IRP") data[2] used to determine the correct amount of federal tax liabilities owed by Defendant. (Piazza Decl. ¶ 5.) Finally, the government submitted the signed declaration of the IRS advisor who verified the documents and information relied upon by the IRS in making its determination of Defendant's tax liabilities. (Piazza Decl. ¶¶ 1-3.) Thus, the government has met its minimal evidentiary burden to support a presumption of correctness in its tax assessments against Defendant.

The amounts of the original and outstanding tax liability are as follows:

| Tax Period Ending | Date of Assessment | Balance on Certificate of Assessments[3] | Outstanding Balance[4] |
|---|---|---|---|
| 2001 | 06/06/2005 | $28,374.65 | $45,072.64 |
| 2002 | 07/30/2007 | $29,502.10 | $42,553.18 |
| 2003 | 07/30/2007 | $5,982.44 | $8,595.05 |
| 2004 | 07/30/2007 | $13,652.69 | $19,518.16 |
| 2005 | 05/25/2009 | $8,928.88 | $11,499.51 |
| 2006 | 05/25/2009 | $957.48 | $1,230.98 |
| 2008 | 12/31/2012 | $17,884.84 | $20,536.46 |
| 2009 | 12/31/2012 | $17,866.06 | $21,240.14 |
| 2011 | 02/10/2014 | $85,397.03 | $102.016.82 |
| 2012 | 02/16/2015 | $25,578.23 | $29,680.13 |
| | | Total Outstanding Balance | $304,834.13 |

---

[2] IRP data includes "retrievable computer records maintained by the IRS reflecting data reported by third parties on various IRS forms, including Forms 1098 (mortgage interest) and 1099 (non-employee compensation)." (Piazza Decl. ¶ 2.)

[3] Amount reflects sum of "Tax Assessed," "Failure to Pay Tax Penalty," "Estimated Tax Penalty," "Interest," "Late Filing Penalty," and "Fees and Collection Costs" in Form 4340 for each tax period. (Exhs. A-J; Piazza Decl. ¶¶ 6-7, fn. 1.)

[4] Including accrued by unassessed interest and credit and for payments received through December 9, 2016. (Piazza Decl. ¶ 6, fn. 2.)

As noted above, Defendant did not file an opposition to the government's motion. Therefore, Defendant failed to rebut both the government's prima facie case of tax liability, and the presumption of correctness in its tax assessments against him. *See Stonehill, supra*, 702 F.2d at 1293-94. As a result, there is no genuine issue of material fact before the Court, and the government is entitled to summary judgment as a matter of law. Fed. R. Civ. Proc. 56(a); *see also Vacante, supra*, 717 F. Supp. 2d at 1004 (citing *Hansen, supra*, 7 F.3d at 138). Accordingly, the United States' Motion for Summary Judgment is **GRANTED**.

## CONCLUSION

The government's motion for summary judgment is **GRANTED**. The Court **ORDERS** that William C. Feuss's federal income tax liabilities and associated statutorily authorized penalties and interest for the tax years 2001, 2002, 2003, 2004, 2005, 2006, 2008, 2009, 2011, and 2012 be reduced to judgment.

**IT IS SO ORDERED.**

Dated: April 10, 2017

HON. ROGER T. BENITEZ
United States District Judge